103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abel YASSINI, Plaintiff-Appellant,
v.
CITY OF SUNNYVALE; Sunnyvale City Council; Frances Rowe;
Stanley Kawczynski; Landon Noll; Barbara Waldman; Richard
Napier; James Robers; Robin Parker; Thomas Lewcock;
William Powers, Jr.; Brian Cilker; Jack Ellison; Vicki
Piazza; Mark O'Connor; Nancy Walker; Dolowries Wulfhorst;
Joan Zamaroni, Defendants-Appellees.
 No. 95-16942.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Dec. 5, 1996.
 
 Before: FLETCHER, FARRIS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 STANDARD OF REVIEW
 
 2
 We review the district court's grant of a motion for summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We review the district court's denial of a motion to amend a complaint for abuse of discretion. Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 888 (9th Cir.1996).
 
 DISCUSSION
 
 3
 A § 1983 violation requires a deprivation of a federal right. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Yassini contends his constitutional rights have been violated.
 
 
 4
 Music is speech. Ward v. Rock Against Racism, 491 U.S. 781, 790 (1989). However, the government has a substantial interest in protecting its citizens from unwelcome noise, particularly when it is protecting the well-being, tranquility, and privacy of the home. Id. at 796-99; Frisby v. Schultz, 487 U.S. 474 (1988).
 
 
 5
 Requiring live music to cease at midnight instead of 2:00 a.m. is a reasonable content-neutral time restriction on speech that is narrowly tailored to the significant government interest of protecting a residential neighborhood from unwelcome noise. Ward, 491 U.S. at 791. Further, the permit restriction leaves Yassini ample alternative channels of communication. Id.
 
 
 6
 Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race or religion, the classification need only be rationally related to a legitimate state interest. City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976). Requiring Yassini's restaurant to close at midnight is rationally related to the legitimate state interest of preventing excessive noise. No equal protection violation exists on this record.
 
 
 7
 The governmental conduct that Yassini challenges is covered by the explicit constitutional provisions protecting free speech and equal protection. This precludes Yassini from obtaining relief under the notion of substantive due process. Armandariz v. Penman, 75 F.3d 1311, 1319 (9th Cir.1996) (citing Graham v. Connor, 490 U.S. 386 (1989) and Albright v. Oliver, 510 U.S. 26 (1994) (Rehnquist, C.J., for plurality)).
 
 
 8
 Yassini moved to amend his complaint to include an allegation of "conspiratorial and invidious discrimination" by Sunnyvale a month and a half after Sunnyvale had moved for summary judgment. The motion was not based on any additional evidence or facts. Yassini's proposed amendment would have been futile; it was not an abuse of discretion for the district court to deny it. Cahill v. Liberty Mut. Ins., 80 F.3d 336, 339 (9th Cir.1996).
 
 
 9
 The parties' respective requests for judicial notice are not material to our decision and are denied. Fed.R.Evid. 201.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3